UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JORGE MENDEZ, an individual,

Plaintiff,

v.

GENERAL MOTORS LLC, a Delaware Limited Liability Company, and DOES 1- 10, inclusive,

Defendants.

Case No. 2:26-cv-07818-HDV-AYP

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [8]**

## I. INTRODUCTION

This lemon law action arises out of Plaintiff Jorge Mendez's ("Plaintiff") purchase of a 2024 Chevrolet Silverado (the "Vehicle"). Plaintiff alleges that the Vehicle experienced "electrical, engine, and emission system defects" during the warranty period. Complaint ¶¶ 8-10 [Dkt. 1-2].

Before the Court is Plaintiff's Motion to Remand ("Motion") [Dkt. 8], which asserts that Defendant General Motors LLC ("Defendant" or "GM") failed to satisfy its burden of establishing subject matter jurisdiction. Motion at 1-4. Specifically, Plaintiff alleges that the amount in controversy does not exceed the requirement for federal diversity jurisdiction.

For the reasons discussed below, the Court concludes that the parties' dispute (including the Song-Beverly double penalties) reflects an amount in controversy well over $100,000, and on that basis denies the Motion.

## II. BACKGROUND

Plaintiff leased the Vehicle in November 2024. Complaint ¶ 8. Plaintiff alleges the Vehicle was defective and that Defendant failed to fulfill its warranty obligations. *Id.* ¶¶ 10-14.

Plaintiff filed a Complaint on June 12, 2026 in state court, alleging claims under the California Song-Beverly Consumer Warranty Act ("Song-Beverly"). *Id.* ¶¶ 20-61. Defendant was served with the Complaint on June 16, 2026. Notice of Removal at 2 [Dkt. 1]. Defendant filed its Answer on July 15, 2026. *Id.* The next day, on July 16, 2026, Defendant removed the case, asserting that this Court has subject matter jurisdiction. Notice of Removal at 2–5.

Plaintiff filed the instant Motion on August 14, 2026. [Dkt. 8]. After full briefing, see Opposition [Dkt. 10] and Reply [Dkt. 11], the Court deemed the matter appropriate for resolution without oral argument and took it under submission. [Dkt. 12].

## III. LEGAL STANDARD

Generally, a civil action filed in state court may properly be removed if there is federal subject matter jurisdiction at the time of removal, which exists when the suit arises under federal law or when the parties are diverse and the amount in controversy is over $75,000. *See* 28 U.S.C. §§ 1441 (removal), 1331 (federal question jurisdiction), 1332 (diversity jurisdiction).

A notice of removal "must be filed within 30 days after receipt by the defendant, through

service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1). This 30-day deadline, although procedural in nature, is mandatory, and a successful challenge to removal based on a late notice requires remand. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

The removing party bears the burden of establishing federal subject matter jurisdiction. *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The notice of removal need only include a "short and plain statement," or "plausible allegation," of "the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–89 (2014) (quoting 28 U.S.C. § 1446(a)).

## IV. DISCUSSION

The parties dispute whether the amount in controversy requirement is met.[1] "Where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Where the plaintiff challenges the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 82.

Plaintiff alleges a lease price for the Vehicle of $56,420.75. Complaint ¶ 8. GM's "preliminary investigation" estimates $12,000 in total deductions, including statutory deductions for mileage offset (based on allegations in the Complaint of approximately $13,535 miles on the odometer at first presentation for repairs of the Vehicle in February 2026), third-party service contracts, manufacturer's rebate, and negative equity. Notice of Removal at 4-5 (citing Cal. Code

---

[1] Plaintiff does not contest that the complete diversity requirement is met. The Court is satisfied that complete diversity exists here. Plaintiff, an individual, is a citizen of California, and Defendant is a Delaware corporation with its principal place of business in Michigan. Notice of Removal at 3.

Civ. Proc. § 871.26; Cal. Civ. Code § 1793.2(d)(2)(B)). GM therefore estimates actual damages to be $44,420.75. *Id.* at 5.

Plaintiff seeks relief under the Song-Beverly Act, which allows a plaintiff to recover actual damages, civil penalties up to "two times the amount of actual damages," and costs and expenses, including attorneys' fees. Cal. Civ. Code § 1794. As this Court has held on numerous occasions, "civil penalties are a key component of the relief sought in Song-Beverly actions, and they are undoubtedly part of what is at stake"—or in controversy—"in the litigation." *Ladd v. Mercedes-Benz USA, LLC*, No. 2:25-cv-02879-HDV-BFM, 2025 WL 2081572, at *3 (C.D. Cal. July 24, 2025); *see also Zatar v. General Motors LLC*, No. 2:25-cv-10272-HDV-AGR, 2026 WL 263200, at *2 (C.D. Cal. January 28, 2026); *Parroquiano Diaz v. Nissan North America Inc.*, No. 2:25-cv-09679-HDV-AGR, 2026 WL 608296, at *3 (C.D. Cal. March 4, 2026).

Here, Plaintiff's potential recovery in civil penalties is double the actual damages, or $88,841.50. This brings the amount in controversy to $133,262.25, easily exceeding the jurisdictional threshold before even accounting for attorneys' fees.

The Court has diversity jurisdiction over the action.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is denied.

Dated: October 9, 2026

Hernán D. Vera
United States District Judge